[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-2196

RICHARD WAYNE GARGANTA,

Plaintiff, Appellant,

v.

UNION CENTRAL LIFE,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Raymond J. Pettine, Senior U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Richard Wayne Garganta on brief pro se. 
David P. Whitman and Hanson, Curran, Parks & Whitman on brief for 
appellee.



July 14, 1997


Per Curiam. Plaintiff-appellant brought this 

diversity action against his private insurer alleging breach

of contract in the denial of a claim for disability insurance

benefits. The insurer maintained that plaintiff was not

"totally disabled" within the meaning of the policy. On the

morning of the trial, the district court granted a defense

motion in limine to exclude from evidence a Social Security 

Administration record and finding that for a period of time

plaintiff was under a "disability" as defined in the Social

Security Act. A motion by plaintiff for a two-week

continuance to seek additional medical testimony was denied.

Although plaintiff's counsel reported a readiness to proceed

to trial with other medical and lay witnesses, plaintiff then

discharged his counsel and refused to put his case to the

jury. Final judgment was entered for the insurer. 

Having reviewed the abbreviated record and briefs

with care, we see no abuse of the district court's

considerable discretion to weigh the probative value of the

social security evidence and determine its admissibility in

light of competing factors. See Fed. R. Evid. 403. Given 

the circumstances, carefully weighed and articulated by the

court, there also was no abuse in the denial of a

continuance. 

As to each of plaintiff's multiple assignments of

error in the pretrial proceedings, we apprehend no

-2-

prejudicial effect on the outcome of the case, and see no

reason to suppose that he was entitled to summary judgment as

a matter of law.

Affirmed. See Loc. R. 27.1. 

-3-